UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LELAND DULANI HARRIS, <br><br> Plaintiff, <br><br> v. <br><br> KING COUNTY, CITY OF SEATTLE, PHILIP SANCHEZ, | CASE NO. 2:22-cv-00071-RSM-BAT <br><br> **REPORT AND RECOMMENDATION** |

Plaintiff is currently detained at the Coyote Ridge Corrections Center. He filed a complaint under 42 U.S.C.§ 1983 alleging King County and King County Deputy Prosecuting Attorney Phillip Sanchez violated his rights by presenting inaccurate criminal history to the sentencing judge when he was sentenced in 2014. As relief, Plaintiff seeks monetary damages. Because the complaint is deficient and no amendment would cure the deficiency, the Court recommends dismissing the complaint with prejudice.

**A.    LEGAL STANDARDS**

The Court screens complaints filed by prisoners or detainees under 28 U.S.C. § 1915A(a). The Court shall "dismiss the complaint, or any portion of the complaint, if it is: (1) frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks

REPORT AND RECOMMENDATION - 1

monetary relief from a defendant who is immune from such relief." § 1915A(b); *accord* § 1915(e)(2); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

To avoid dismissal, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). The factual allegations must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint may be dismissed if it lacks a cognizable legal theory or states insufficient facts to support a cognizable legal theory. *Zixiang v. Kerry*, 710 F.3d 995, 999 (9th Cir. 2013).

To sustain a § 1983 civil rights claim, plaintiff must show (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state or federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To satisfy the second prong, plaintiff must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. *Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

**B.     PLAINTIFF'S ALLEGATIONS**

Although Plaintiff names King County as a defendant, his claims all flow from actions taken by Defendant Sanchez. Plaintiff alleges that on January 3, 2014, King County Deputy Prosecuting Attorney Philip Sanchez, at sentencing, negligently presented false/fabricated documents of a non-existing felony conviction for possession of cocaine with the intent to distribute from the State of New Jersey that was used to enhance his sentencing range by one point. Plaintiff contends he was convicted in 2010 in New Jersey of "possession of CDS" and not possession with intent to deliver. Because the crime of possession of a controlled substance was

deemed unconstitutional by the Washington Supreme Court, Plaintiff contends Mr. Sanchez violated Plaintiff's rights by using a "non-existing felony" to enhance Plaintiff's sentence range. Plaintiff also contends that his prison sentence violates the Thirteenth Amendment "abolition of slavery" because he is "working for pennies on the dollar."

C.  **DISCUSSION**

    1.  **Prosecutorial Immunity**

Plaintiff's alleges defendant Sanchez violated his rights by negligently and falsely representing to the sentencing judge that Plaintiff had a 2010 criminal conviction for possession of a controlled substance with intent to distribute, when he was convicted of possession of a controlled substance. Defendant Sanchez is absolutely immune because the alleged misconduct occurred while he was acting as a prosecutor at a sentencing hearing. *See Imbler v. Pachtman*, 424 U.S. 409, 430 (1976) (A prosecutor is entitled to absolute immunity from a Section 1983 action for damages when he or she performs a function that is "intimately associated with the judicial phase of the criminal process."); *Demery v. Kupperman*, 735 F.2d 1139, 1144 (9th Cir.1984) ("[P]rosecutors are absolutely immune from civil suits alleging wrongdoing with regard to post-litigation as well as pre-litigation handling of a case.").

    2.  **Qualified Immunity**

Defendant Sanchez is also immune because his conduct did not violate a clearly established constitutional right of which a reasonable person would have known. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The Supreme Court has established a two-step inquiry for resolving a qualified immunity defense: the constitutional inquiry and the qualified immunity inquiry. *See Saucier v. Katz*, 533 U.S. 194, 200 (2001). The first step asks whether, taken in the light most favorable to the plaintiff, the facts show that the officer's conduct violated a

REPORT AND RECOMMENDATION - 3

constitutional right. *Id*. at 201. The second step asks whether the right was clearly established at the time of the violation. *Id*.

Defendant is entitled to qualified immunity under the second step because Plaintiff's rights were not clearly established at the time of his sentencing. Plaintiff contends his rights were violated because Defendant used a "non-existing felony"—possession of a controlled substance—to enhance Plaintiff's sentence range. Plaintiff's contention that his 2010 New Jersey conviction for possession of a controlled substance is a non-felony rests upon the Washington Supreme Court's decision in *State of Washington v. Blakely*, 197 Wn.2d 170 (2021) in which the court held that in a matter of "first impression," that Washington's strict liability drug possession charge violates the due process clauses of the state and United States Constitution. The *Blakely* decision was issued seven years after Plaintiff was sentenced and Defendant allegedly presented a non-felony conviction. Hence in 2014, when Plaintiff was sentenced, his due process, as articulated in *Blakely* were not clearly established.

Plaintiff "bears the burden of showing that the rights allegedly violated were 'clearly established.'" *Shafer v. Cty. of Santa Barbara*, 868 F.3d 1110, 1118 (9th Cir. 2017) (citations omitted). But as explained above, Plaintiff has failed to establish Defendant violated due process.

The Court also notes Plaintiff does not claim he was not convicted of possession of CDS, in New Jersey, but only that this offense is not a felony crime, ostensibly under the *Blakely* decision. However, the New Jersey possession statute unlike the Washington statute which imposes strict liability, contains the New Jersey statute states:

> It is unlawful for any person, knowingly or purposely, to obtain, or to possess, actually or constructively, a controlled dangerous substance or controlled substance unless the substance was obtained directly, or pursuant to a valid prescription or order from a practitioner, while acting in the course of his professional practice, or except as other authorized.

REPORT AND RECOMMENDATION - 4

*See* N.J.S.A. 2:c:35-10. The New Jersey felony drug possession offense thus requires proof of knowledge or purposeful actions and does not suffer from the same defect as the Washington felony drug possession offense. The Court accordingly finds no basis to conclude the New Jersey felony possession conviction is a "non-offense" that should have been excluded in calculating Plaintiff's standard sentencing range.

### 3. Statute of limitations

Plaintiff alleges Defendant violated his rights at sentencing in 2014. The present § 1983 complaint is thus barred by the statute of limitations. Section 1983 contains no statute of limitations, and the Court thus applies the applicable state statute of limitations for the jurisdiction in which the claim arose. *Rose v. Rinaldi*, 654 F.2d 546, 547 (9th Cir. 1981). In Washington State, the three-year limitations period for any other injury to the person or rights of another contained in R.C.W. 4.16.080(2)" applies to § 1983 claims. *Id*.

Federal law, however, determines when a § 1983 claim accrues. *Two Rivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1999). A claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action. *Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996); *see also Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001) (quoting *Two Rivers*, 174 F.3d at 992). To determine when a claim accrues, the federal court thus focuses on the time period in which the complained of acts occurred, not on the time period in which the consequences of the acts became most painful. *Abramson v. Univ. of Hawaii*, 594 F.2d 202, 209 (9th Cir. 1979).

Here, Plaintiff alleges Defendant violated his due process rights by representing to the sentencing judge he had a conviction for possession with intent to deliver when he had a possession of controlled substance conviction. The New Jersey conviction at issue is Plaintiff's conviction. Plaintiff thus knew about the facts underlying his complaint in 2014 when he was

sentenced. He thus could have filed the present complaint by 2017 but failed to do so and instead waited until 2022 to file the complaint.

### 4. Thirteenth Amendment

Petitioner also claims a violation of the Thirteenth Amendment's prohibition against slavery. There are no facts supporting this contention. If petitioner is claiming he performs work activity in the prison in violation of the Thirteenth Amendment, the claim fails. Although the Thirteenth Amendment prohibits slavery and involuntary servitude, it explicitly exempts forced labor that is imposed as punishment pursuant to a criminal conviction. U.S. Const. Amend. XIII. "Neither slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States .... "*Id*. at § 1. The Thirteenth Amendment thus does not apply where prisoners are required to work in accordance with prison rules. *Berry v. Bunnell*, 39 F.3d 1056, 1057 (9th Cir.1994).

### 5. Futility of amendment

Plaintiff proceeds *pro se* and the Court has thus liberally construed his pleadings to afford him "the benefit of any doubt." *Akhtar v. Mesa,* 698 F.3d 1202, 1212 (9th Cir. 2012)  If, however, a court finds a pro se complaint has failed to state a claim, the complaint may be dismissed without leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1126–30 (9th Cir.2000). Pro se plaintiffs should be permitted leave to amend unless it is clear the complaint's deficiencies cannot be cured. *Id*. at 1130–31.

Here, no amendment would cure the deficiencies discussed above. Plaintiff filed his complaint outside the statute of limitations even though he knew or should have known that Defendant in 2014 presented the sentencing judge with inaccurate criminal history. Defendant is immune from § 1983 liability because the complained of actions all occurred as part of

REPORT AND RECOMMENDATION - 6

Defendant's presentation of criminal history to a judge a sentencing hearing. Defendant is also entitled to qualified immunity because the Washington Supreme Court did not hold until 2021 that possession of drugs is a constitutionally deficient crime. There is no basis to conclude therefore that Defendant violated a clearly established right in 2014. Moreover, the New Jersey conviction that Plaintiff contends is a "non-crime" requires proof of knowledge or purposeful action. The New Jersey offense does not suffer from the same constitutional defect the Washington Supreme Court noted as to Washington's possession statute which imposed strict liability. And lastly, there is no basis for Plaintiff's claim that being paid pennies on the dollar in prison violates the Thirteenth Amendment. No amendment would alter this fact.

The Court accordingly concludes the complaint should be dismissed with prejudice without leave to amend as amendment would be futile. Plaintiff has also filed a motion and application to proceed *in forma pauperis* (IFP). Dkt. 4. If the Court adopts this recommendation to dismiss the case, it is also recommended that the Court strike the motion to proceed IFP.

## OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order. Therefore, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed no later than **March 11, 2022.** The Clerk should note the matter for **March 11, 2022**, as ready for the District Judge's consideration. The failure to timely object may affect the right to appeal.

DATED this 25th day of February, 2022.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION - 7

REPORT AND RECOMMENDATION - 8